**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re the University of Phoenix, Inc. Data Breach Litigation | MDL No. 3183 |

**ORACLE CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS MARI SOLIZ, DENISE RICO, STEPHANIE HILL, AND HAILEY WALLER'S MOTION FOR TRANSFER AND CONSOLIDATION OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 TO THE DISTRICT OF ARIZONA**

## TABLE OF CONTENTS

**Page**

I.    BACKGROUND ................................................................................................. 2

II.   AN MDL ACTION IS NOT NECESSARY, BECAUSE TRANSFER AND
      CONSOLIDATION UNDER 28 U.S.C. § 1404 CAN ACHIEVE THE SAME
      RESULT ............................................................................................................ 6

      A.    The Pending Transfer Motions Could Well Eliminate The Multidistrict
            Character of the Litigation ..................................................................... 7

      B.    Section 1407 Centralization is Not Necessary in Light of the Existing
            Consolidation Efforts ............................................................................ 10

      C.    The Panel Need Not Consider the Merits of the Pending Transfer Motions ....... 12

III.  CONCLUSION ................................................................................................. 13

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Accellion, Inc., Customer Data Sec. Breach Litig.*,
  543 F. Supp. 3d 1372 (J.P.M.L. 2021)............................................................9, 11, 12

*In re Advanced Inv. Mgmt., L.P., Pension Fund Mgmt. Litig.*,
  254 F. Supp. 2d 1377 (J.P.M.L. 2003).......................................................................9

*In re: Alteryx, Inc., Customer Data Sec. Breach Litig.*,
  291 F. Supp. 3d 1377 (J.P.M.L. 2018).......................................................................6

*In re Athena Universal Life II Cost of Ins. Increase Litig.*,
  268 F. Supp. 3d 1354 (J.P.M.L. 2017).......................................................................6

*In re Best Buy Co., Inc., Cal. Song–Beverly Credit Card Act Litig.*,
  804 F. Supp. 2d 1376 (J.P.M.L. 2011)................................................................2, 6, 7

*Brumwell, et al. v. Oracle Corporation, et al.*,
  Case No.: 1:25-cv-01980 (W.D. Tex.).......................................................................2

*Carter v. the University of Phoenix, Inc.*,
  Case No. 5:26-cv-00401 (C.D. Cal.).................................................................. *passim*

*Clark v. The University of Phoenix, Inc., et al.*,
  Case No. 1:26-cv-00184 (W.D. Tex.)..........................................................................2

*In re Coll. Athlete Comp. Antitrust Litig.*,
  730 F. Supp. 3d 1378 (J.P.M.L. 2024).......................................................................7

*In re Covidien Hernia Mesh Prod. Liab. Litig.*,
  MDL No. 2953, 2020 WL 4670694 (J.P.M.L. Aug. 7, 2020) ...............................6, 8

*Curlee v. The University of Phoenix, et al.*,
  Case No. 1:25-cv-01999 (W.D. Tex.)..........................................................................2

*In re Dollar Tree Stores, Inc., Fair Labor Standards Act (FLSA) & Wage & Hour
  Litig.*,
  829 F. Supp. 2d 1376 (J.P.M.L. 2011).......................................................................7

*In re Dometic Corp. Gas Absorption Refrigerator Prods. Liab. Litig.*,
  285 F. Supp. 3d 1358 (J.P.M.L. 2018)....................................................................6, 8

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
  196 F. Supp. 2d 1375 (J.P.M.L. 2002).......................................................................9

**TABLE OF AUTHORITIES**
(Continued)

**Page(s)**

*In re Ephedra Prods. Liab. Litig.*,
  314 F. Supp. 2d 1373 (J.P.M.L. 2004)....................................................................6

*In re: Foot Locker, Inc.*,
  787 F. Supp. 2d 1364 (J.P.M.L. 2011)....................................................................8

*In re Gen. Motors LLC Chevrolet Bolt EV Battery Prods. Liab. Litig.*,
  532 F. Supp. 3d 1413 (J.P.M.L. 2021).............................................................7, 12

*In re: Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*,
  899 F. Supp. 2d 1378 (J.P.M.L. 2012).......................................................6, 7, 13

*Hill v. the University of Phoenix, Inc.*,
  Case No. 2:25-cv-4936 (D. Ariz.)......................................................................3, 4

*In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litigation*,
  949 F. Supp. 2d 1358 (J.P.M.L. 2013)....................................................................8

*In re Hudson's Bay Co. Customer Data Sec. Breach Litig.*,
  326 F. Supp. 3d 1372 (J.P.M.L. 2018)....................................................................6

*Kelly v. Univ. of Pa.*,
  No. 2:25-cv-6234 (E.D. Pa.) .............................................................................5, 9

*Kim v. WP Co. LLC*,
  No. 1:25-cv-4229 (D.D.C.), Dkt Nos. 11-12 ....................................................5, 9

*In re: Kmart Corp. Customer Data Sec. Breach Litig.*,
  109 F. Supp. 3d 1368 (J.P.M.L. 2015)....................................................................6

*In re Kronos Customer Data Sec. Breach Litig.*,
  619 F. Supp. 3d 1354 (J.P.M.L. 2022)................................................................9, 11

*In re L'Oreal USA, Inc., Benzoyl Peroxide Mktg. & Sales Pracs. Litig.*,
  766 F. Supp. 3d 1341 (J.P.M.L. 2025)....................................................................7

*Long v. Oracle Corporation, et al.*,
  Case No. 1:25-cv-2072 (W.D. Tex.)........................................................................2

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*,
  363 F. Supp. 3d 1372 (J.P.M.L. 2019)....................................................................9

*In re Michaels Stores, Inc., Pin Pad Litig.*,
  844 F. Supp. 2d 1368 (J.P.M.L. 2012)....................................................................7

# TABLE OF AUTHORITIES

(Continued)

**Page(s)**

*Neblock v. the University of Phoenix, Inc.*,
Case No. 2:26-cv-00261 (D. Ariz.)................................................................3

*Neville v. Parexel International, LLC*,
No. 26-cv-0004 (E.D.N.C.)...........................................................................5

*In re Oracle Corp. Data Breach Litig.*,
No. 1:25-cv-1805 (W.D. Tex.), Dkt. No. 25................................... *passim*

*Peterson v. the University of Phoenix, Inc., et al.*,
Case No. 1:25-cv-1915 (W.D. Tex.).............................................................2

*In re Plumbing Fixtures*,
308 F. Supp. 242 (J.P.M.L. 1970).................................................................8

*Pointer v. the University of Phoenix, Inc., et al.*,
Case No. 1:26-cv-00009 (W.D. Tex.)............................................................2

*In re Republic W. Ins. Co. Ins. Coverage Litig.*,
206 F. Supp. 2d 1364 (J.P.M.L. 2002).........................................................7

*In re Resource Exploration, Inc., Securities Litigation*,
483 F. Supp. 817 (J.P.M.L. 1980)...........................................................9, 10

*In re Salesforce, Inc., Customer Data Sec. Breach Litig.*,
2025 WL 3649301 (J.P.M.L. Dec. 16, 2025) ........................................11, 12

*Soliz v. the University of Phoenix, Inc.*,
Case No. 2:25-cv-4522 (D. Ariz.)................................................. *passim*

*In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*,
273 F. Supp. 3d 1357 (J.P.M.L. 2017).......................................................12

*In re Starmed Health Pers., Inc., Fair Lab. Standards Act Litig.*,
317 F. Supp. 2d 1380 (J.P.M.L. 2004).........................................................9

*In re Stockx Customer Data Sec. Breach Litig.*,
412 F. Supp. 3d 1363 (J.P.M.L. 2019).........................................................6

*Theus v. the University of Phoenix, Inc.*,
Case No. 2:26-cv-1151 (C.D. Cal.).....................................................4, 5, 8

*In re Toyota Motor Corp. Soy-Based Wiring Prods. Liab. Litig.*,
273 F. Supp. 3d 1359 (J.P.M.L. 2017).........................................................6

# TABLE OF AUTHORITIES
(Continued)

**Page(s)**

*In re Wells Fargo Mortg. Modification Litig.*,
  437 F. Supp. 3d 1379 (J.P.M.L. 2020)....................................................................................7

**Statutes**

28 U.S.C. § 1404............................................................................................... *passim*

28 U.S.C. § 1407............................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 24.................................................................................................4

Defendant Oracle Corporation ("Oracle") and the *Soliz* Plaintiffs agree on nearly everything in their motion before the Panel—except for the solution. We agree that the ten lawsuits that Plaintiffs want centralized involve overlapping factual allegations, claims, and proposed classes. We further agree that coordination is necessary to avoid dueling motion practice, inconsistent pretrial rulings, duplicative discovery, and wasting judicial resources in district courts around the country. We disagree, however, that unwinding months of coordination for consolidation in the Western District of Texas and creating a risk that Oracle will have to engage in two sets of initial motion practice, two separate fact discovery and expert discovery schedules, and two motions for summary judgment, creates any efficiencies for the court or the parties. The *Soliz* Plaintiffs' Section 1407 motion undermines the purpose of Section 1407.

All of the cases allege that they arise from a vulnerability in a software product sold by Oracle.[1] But there is no need for this Panel to grant the Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 ("MDL Motion" or the "Motion") because other tools—including consolidation efforts already well underway in Texas—are likely to be effective in accomplishing the same ends. Indeed, the Western District of Texas has already consolidated six of the ten cases. Of the four remaining, one has been voluntarily transferred to the Western District of Texas and three are subject to transfer to that court pursuant to 28 U.S.C. § 1404—either via motion or order to show cause. These motions and voluntary consolidation efforts are designed to lead to the consolidation of all ten actions in a single forum, accomplishing the goals of centralization—avoiding duplicative proceedings and potentially inconsistent outcomes—without the need to create a formal MDL structure. Moreover, the proposed nationwide class in the already consolidated cases

---

[1] Oracle does not accept the facts alleged in these complaints or in the *Soliz* Plaintiffs' Motion and reserves all of its rights.

encompasses the same proposed class as the cases currently pending in the District of Arizona. Indeed, the flaw in the *Soliz* Plaintiffs' motion is that it treats MDL status as the first rather than the "last solution" for achieving these benefits. *In re Best Buy Co., Inc., Cal. Song–Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).

## I.    BACKGROUND

Between November 2025 and January 2026, six putative class action lawsuits were filed against Oracle and the University of Phoenix, among other defendants, in the Western District of Texas, arising out of an alleged incident in which a vulnerability in Oracle's E-Business Suite ("EBS") was exploited by the Russian threat-actor group Cl0p (the "Texas Actions").[2] The first of these actions was filed on November 25, 2025, prior to the first action filed in the District of Arizona. On January 5, 2026, Magistrate Judge Hightower of the Western District of Texas granted Plaintiffs' unopposed motion to consolidate and to appoint interim class counsel, thereby consolidating each of these actions, as well as 29 other putative class actions filed against Oracle and other co-defendants. *See In re Oracle Corp. Data Breach Litig.*, No. 1:25-cv-1805 (W.D. Tex.) (the "Consolidated Action"), Dkt. No. 25 (the "Consolidation Order"). Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 42(a), Magistrate Judge Hightower ordered that the actions be consolidated for pretrial purposes only and that each of the individual putative class actions be administratively closed. *Id.* at 10.[3] The Consolidation Order further provided that the Order "shall

---

[2] *Peterson v. the University of Phoenix, Inc., et al.*, Case No. 1:25-cv-1915 (W.D. Tex.); *Brumwell, et al. v. Oracle Corporation, et al.*, Case No.: 1:25-cv-01980 (W.D. Tex.); *Curlee v. The University of Phoenix, et al.*, Case No. 1:25-cv-01999 (W.D. Tex.); *Long v. Oracle Corporation, et al.*, Case No. 1:25-cv-2072 (W.D. Tex.); *Pointer v. the University of Phoenix, Inc., et al.*, Case No. 1:26-cv-00009 (W.D. Tex.); *Clark v. The University of Phoenix, Inc., et al.*, Case No. 1:26-cv-00184 (W.D. Tex.).

[3] Magistrate Judge Hightower further appointed Mark Lanier of the Lanier Law Firm, Gary Klinger of Milberg, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel and Joe Kendall of Kendall Law Group, PLLC as Interim Liaison Counsel to act on behalf of the

apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case and is asserted on behalf of a class or representative action." *Id.* at 15.

Plaintiffs in the Consolidated Action filed a Consolidated Class Action Complaint on March 6, 2026. *See* Consolidated Action, Dkt. No. 86. Plaintiffs brought claims against Oracle, the University of Phoenix, and nine other defendants for negligence, invasion of privacy and California statutory claims, seeking to represent a putative nationwide class and various overlapping state sub-classes. *See generally id.* The nationwide class is defined to include "[a]ll individuals residing in the United States whose [data] was compromised in the [incident] that impacted Oracle EBS in or around July 2025 . . . ." *See id.* ¶ 972. Pursuant to a court-ordered briefing schedule, Defendants' deadline to answer or respond to the Consolidated Complaint is May 5, 2026. *See* Consolidated Action, Dkt. No. 93. Magistrate Judge Hightower further ordered the parties to submit a status report regarding the status of the present motion on April 8, 2026, at which time the parties may seek a further extension of time for Defendants' response. *Id.*

In December 2025, Mari Soliz, Denise Rico, Stephanie Hill, and Hailey Waller (the "Soliz Plaintiffs") filed two putative class actions against the University of Phoenix in the District of Arizona, arising out of the same incident involving the alleged EBS vulnerability (the "Arizona Actions").[4] The proposed class includes "[a]ll persons residing in the United States whose PII was compromised in the Data Breach made public by [the University of Phoenix] in December 2025[.]"

---

Plaintiffs and the class members in the Consolidated Action. Consolidation Order at 12. Magistrate Judge Hightower also appointed an Executive Committee to work in concert with Interim Co-Lead Class Counsel and Interim Liaison Counsel (together, "Texas Counsel"). *See id.* at 14.

[4] *Soliz v. the University of Phoenix, Inc.,* Case No. 2:25-cv-4522 (D. Ariz.) ("*Soliz*"); *Hill v. the University of Phoenix, Inc.,* Case No. 2:25-cv-4936 (D. Ariz.) ("*Hill*"). A third putative class action, *Neblock v. the University of Phoenix, Inc.*, Case No. 2:26-cv-00261 (D. Ariz.) was filed on January 14, 2026 and voluntarily dismissed on January 31, 2026.

*Soliz,* Dkt. No. 1 ¶ 91.[5] On January 7, 2026, the *Soliz* Plaintiffs filed a motion to consolidate the Arizona Actions and to appoint interim class counsel.[6] Thereafter, on February 9, 2026, Texas Counsel, on behalf of Proposed Intervenors Mark Peterson and Stacy Ranson (together the "*Peterson* Plaintiffs"), filed a motion to intervene in the Arizona Actions pursuant to Fed. R. Civ. P. 24(a) and (b) and to transfer those actions to the Western District of Texas pursuant to 28 U.S.C. § 1404. *See Soliz,* Dkt. No. 16 (the "*Peterson* Motion"). The *Peterson* Plaintiffs further objected to the appointment of Arizona Counsel as interim class counsel in the Arizona Actions. *See id.* The University of Phoenix did not oppose the *Peterson* Plaintiffs' motion to intervene or to transfer the Arizona Actions to the Western District of Texas. *See Soliz,* Dkt. No. 18.[7] Both motions are fully briefed and remain pending. The University of Phoenix filed an answer in the Arizona Actions on February 25, 2026. *See Soliz,* Dkt. No. 21; *Hill*, Dkt. No. 15.

In January and February 2026, two additional putative class actions were filed against the University of Phoenix, arising out of the same incident, in the Central District of California (the "California Actions").[8] On February 24, 2026, in one of those actions (*Carter*), Judge Sunshine

---

[5] The proposed class in *Hill* is substantively identical: "All individuals in the United States whose Private Information was compromised in the Data Breach[.]" *Hill,* Dkt. No. 1 ¶ 82.

[6] *See Soliz,* Dkt. No. 10 and *Hill,* Dkt. No. 7. In that motion, the *Soliz* Plaintiffs sought an order appointing Amanda G. Fiorilla of Lowey Dannenberg, P.C., Gerald D. Wells, III of Lynch Carpenter, LLP, as Interim Co-Lead Class Counsel, and Russell S. Thompson, IV of Thompson Consumer Law Group, PC as Liaison Counsel (together, "Arizona Counsel").

[7] To be clear, although Oracle is not a defendant in the Arizona Actions as currently pled—given that those actions concern the same alleged incident at issue in the Texas Actions—Oracle nonetheless has an interest in preventing inconsistent rulings, which, as explained below, consolidation in the Western District of Texas seeks to achieve.

[8] *Carter v. the University of Phoenix, Inc.,* Case No. 5:26-cv-00401 (C.D. Cal.) ("*Carter*"); *Theus v. the University of Phoenix, Inc.,* Case No. 2:26-cv-1151 (C.D. Cal.) ("Theus"). The proposed class in *Carter* consists of "all citizens of the state of California whose PII was compromised in the data breach publicly announced by [the University of Phoenix] on or about December 2, 2025." *Carter,* Dkt. No. 1 ¶ 45. In *Theus,* the proposed class includes "all persons to whom the University

4

Sykes issued an order to show cause pursuant to 28 U.S.C. § 1404(a) as to why the action should not be transferred to the Western District of Texas and consolidated into the Consolidated Action (the "*Carter* OSC"). *See Carter,* Dkt. No. 16. As of March 11, 2026, all parties have responded to Judge Sykes' order; a decision has not yet been issued. The University of Phoenix's deadline to respond to the Complaint in *Carter* is March 27, 2026. In the other California Action (*Theus*), Plaintiffs and the University of Phoenix filed a joint motion to voluntarily transfer the action to the Western District of Texas on March 12, 2026. *See Theus,* Dkt. No. 14.[9]

On March 6, 2026—the same day that Texas Counsel filed the Consolidated Complaint in the Consolidated Action—the *Soliz* Plaintiffs filed the present motion pursuant to 28 U.S.C. § 1407 to transfer and consolidate the Arizona Actions, the California Actions, and the Texas Actions (together, the "Related Actions"). *See* Dkt. Nos. 1-2 ("MDL Motion" or the "Motion"). For the reasons set forth herein, the Motion should be denied.

---

of Phoenix, Inc. sent a Notice of Data Breach letter, dated on or about December 2, 2025." *Theus,* Dkt. No. 1 ¶ 28.

[9] Although not the subject of the present Motion, in other class actions filed outside of Texas that purportedly relate to the same alleged incident, the respective litigants have made efforts to transfer those actions to the Western District of Texas for the purposes of consolidation. For one, a class action originally filed against the Washington Post in the District Court for the District of Columbia was voluntarily transferred to the Western District of Texas on March 10, 2026. *See Kim v. WP Co. LLC*, No. 1:25-cv-4229 (D.D.C.), Dkt. Nos. 11-12. Further, on March 26, 2026, the parties to a class action against Parexel International, LLC in the Eastern District of North Carolina filed a motion to transfer that action to the Western District of Texas. *See Neville v. Parexel International, LLC*, No. 26-cv-0004 (E.D.N.C.), Dkt. No. 7. And in the Eastern District of Pennsylvania, an action featuring similar allegations was filed against the University of Pennsylvania, and on March 27, 2026, the parties filed a joint motion to voluntarily transfer the action to the Western District of Texas. *See Kelly v. Univ. of Pa.,* No. 2:25-cv-6234 (E.D. Pa.), Dkt. No. 63.

## II. AN MDL ACTION IS NOT NECESSARY, BECAUSE TRANSFER AND CONSOLIDATION UNDER 28 U.S.C. § 1404 CAN ACHIEVE THE SAME RESULT

Oracle agrees that the Related Actions present overlapping factual allegations, claims, and putative classes, and that consolidation for pretrial purposes in one forum will "avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Ephedra Prods. Liab. Litig.*, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004). But contrary to the *Soliz* Plaintiffs' assertion, MDL treatment is not proper every time that a handful of class actions involve "similar allegations" concerning an alleged data incident. MDL Motion at 2. "[C]entralization under Section 1407 should be the *last* solution after considered review of all other options" available to obtain these efficiencies. *In re Best Buy Co.*, 804 F. Supp. 2d at 1378 (emphasis added).[10] And where, as here, "only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re Covidien Hernia Mesh Prod. Liab. Litig.*, MDL No. 2953, 2020 WL 4670694, at *1 (J.P.M.L. Aug. 7, 2020) (stating twelve actions in nine districts is a minimal number) (quoting *In re Hyundai and Kia GDI Engine Mktg., Sales Pracs., & Prods. Liab. Litig.*, 412 F. Supp. 3d 1341, 1343 (J.P.M.L. 2019)). Moreover, the benefits that centralization under Section 1407 are designed to achieve can be obtained here through the more conventional means of transfer via 28 U.S.C. § 1404 and consolidation—efforts that are already well underway

---

[10] *See also, e.g.*, *In re Stockx Customer Data Sec. Breach Litig.*, 412 F. Supp. 3d 1363, 1365 (J.P.M.L. 2019); *In re Dometic Corp. Gas Absorption Refrigerator Prods. Liab. Litig.*, 285 F. Supp. 3d 1358, 1360 (J.P.M.L. 2018); *In re: Alteryx, Inc., Customer Data Sec. Breach Litig.*, 291 F. Supp. 3d 1377, 1378 (J.P.M.L. 2018); *In re Hudson's Bay Co. Customer Data Sec. Breach Litig.*, 326 F. Supp. 3d 1372, 1373 (J.P.M.L. 2018); *In re Toyota Motor Corp. Soy-Based Wiring Prods. Liab. Litig.*, 273 F. Supp. 3d 1359, 1360 (J.P.M.L. 2017); *In re Athena Universal Life II Cost of Ins. Increase Litig.*, 268 F. Supp. 3d 1354, 1355 (J.P.M.L. 2017); *In re: Kmart Corp. Customer Data Sec. Breach Litig.*, 109 F. Supp. 3d 1368, 1369 (J.P.M.L. 2015); *In re: Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1379–80 (J.P.M.L. 2012).

in the Western District of Texas. The Panel should therefore deny the *Soliz* Plaintiffs' Motion as unnecessary at this time,[11] or in the alternative defer ruling on the *Soliz* Plaintiffs' Motion until the courts in Arizona and California have an opportunity to rule on the pending *Peterson* Motion and *Carter* OSC, respectively, both of which seek transfer to the Western District of Texas pursuant to Section 1404.

### A.     The Pending Transfer Motions Could Well Eliminate The Multidistrict Character of the Litigation

As this Panel has recognized, "[s]eeking transfer under Section 1404(a) . . . [is] among the variety of options available to avoid duplication of efforts." *In re Best Buy Co.*, 804 F. Supp. 2d at 1378. In fact, "where a reasonable prospect exists that resolution of Section 1404 motions *could eliminate the multidistrict character of a litigation*, transfer under Section 1404 is *preferable* to centralization." *In re: Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d at 1380 (emphasis added). Thus, the Panel regularly denies centralization when there is a reasonable prospect that pending Section 1404 motions will be granted. *See, e.g.*, *In re L'Oreal USA, Inc., Benzoyl Peroxide Mktg. & Sales Pracs. Litig.*, 766 F. Supp. 3d 1341, 1342 (J.P.M.L. 2025); *In re Coll. Athlete Comp. Antitrust Litig.*, 730 F. Supp. 3d 1378, 1380 (J.P.M.L. 2024); *In re Gen. Motors LLC Chevrolet Bolt EV Battery Prods. Liab. Litig.,* 532 F. Supp. 3d 1413, 1415 (J.P.M.L. 2021); *In re: Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d at 1381; *In re Republic W. Ins. Co. Ins. Coverage Litig.*, 206 F. Supp. 2d 1364, 1365 (J.P.M.L. 2002); *In re Michaels Stores, Inc., Pin Pad Litig.*, 844 F. Supp. 2d 1368, 1368–69 (J.P.M.L. 2012); *In re Dollar*

---

[11] In the unlikely event that the Arizona Actions or the California Actions are not transferred to the Western District of Texas, the parties may wish to revisit the question of transfer and consolidation pursuant to Section 1407 at that time. *See*, *e.g., In re Wells Fargo Mortg. Modification Litig.*, 437 F. Supp. 3d 1379, 1380 (J.P.M.L. 2020) (denying MDL Motion as unnecessary "at this time," but stating: "If alternatives to Section 1407 centralization prove to be unsuccessful, it may be that a more persuasive case for centralization could be made.").

*Tree Stores, Inc., Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, 829 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011).

Here, the pending *Peterson* Motion and the *Carter* OSC demonstrate that the simplest procedure for moving cases to another forum is already underway: transfer pursuant to 28 U.S.C. § 1404(a). They both could result in the Arizona and California Actions being transferred to the Western District of Texas and consolidated into the Consolidated Action. Thus, there is no reason for the Panel to grant the requested relief—at least not until those courts have ruled on transfer.

Indeed, there is a reasonable prospect that the Arizona and California Actions will be transferred to the Western District of Texas. For starters, the minimal number of actions involved—four cases pending in two districts outside the Western District of Texas—poses no barrier to conventional transfer. *See, e.g.*, *In re Dometic Corp.*, 285 F. Supp. 3d at 1360 (denying centralization where the litigation involved only three actions pending in three districts and the "defendant ha[d] pending motions for transfer of the California actions … under Section 1404"); *In re Covidien Hernia Mesh Prod. Liab. Litig.*, 2020 WL 4670694, at *1 (stating twelve actions in nine districts is a minimal number).[12] Plaintiffs and the University of Phoenix have already filed a joint motion to transfer *Theus* from the Central District of California to the Western District of Texas under Section 1404.

Moreover, the action pending against the Washington Post allegedly related to the EBS vulnerability—which the *Soliz* Plaintiffs refer to in the MDL Motion—was voluntarily transferred

---

[12] The *Soliz* Plaintiffs' cases to the contrary—in which three or fewer cases were consolidated pursuant to Section 1407—are readily distinguishable. For example, in *In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litigation,* the parties all agreed that transfer under Section 1407 was proper. *See* 949 F. Supp. 2d 1358, 1359 (J.P.M.L. 2013); *see also In re: Foot Locker, Inc.,* 787 F. Supp. 2d 1364, 1365 (J.P.M.L. 2011) (considering consolidation of labor and employment claims); *In re Plumbing Fixtures*, 308 F. Supp. 242, 244 (J.P.M.L. 1970) (considering whether class action determination should be made by transferor or transferee court).

to the Western District of Texas on March 10, 2026, shortly after the present Motion was filed. *See Kim v. WP Co. LLC,* No. 1:25-cv-4229 (D.D.C.), Dkt. Nos. 11-12. Further, in the Eastern District of Pennsylvania, an action featuring similar allegations was pending against the University of Pennsylvania, but on March 27, 2026, the parties filed a joint motion to voluntarily transfer the action to the Western District of Texas. *See Kelly v. Univ. of Pa.*, No. 2:25-cv-6234 (E.D. Pa.), Dkt. No. 63. This Panel has often denied motions for centralization under Section 1407 where the relevant parties have demonstrated these kinds of voluntary coordination efforts. *See, e.g., In re Kronos Customer Data Sec. Breach Litig.*, 619 F. Supp. 3d 1354, 1355 (J.P.M.L. 2022) ("the voluntary coordination efforts of the parties to the Northern District of California cases already have resulted in consolidation in that court"); *In re Accellion, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 1372, 1373-74 (J.P.M.L. 2021) ("We see no reason to disrupt the parties' efforts at informal coordination when most agree that Section 1407 centralization would provide little or no benefit."). The same result should follow here.

Notably, the *Soliz* Plaintiffs rely largely on cases that did not involve pending Section 1404 motions at all, let alone an existing consolidated action in another forum. *See, e.g., In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372, 1374 (J.P.M.L. 2019); *In re Starmed Health Pers., Inc., Fair Lab. Standards Act Litig.*, 317 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004); *In re Advanced Inv. Mgmt., L.P., Pension Fund Mgmt. Litig.*, 254 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.,* 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (no party opposed centralization). Only *In re Resource Exploration, Inc., Securities Litigation* involved pending Section 1404 transfer motions, but that case is inapposite because defendants filed such motions in only three of the nine actions at issue. 483 F. Supp. 817, 820 (J.P.M.L. 1980). Even if those motions were granted, additional actions would

9

have remained pending across three different district courts. *See id*. Here, by contrast, if the *Peterson* Motion and *Carter* OSC are granted, all of the Related Actions will be transferred to the Western District of Texas, entirely eliminating the multidistrict character of this litigation. In any event, this single decision should not outweigh the overwhelming authority indicating that a Section 1407 motion should be denied where multiple Section 1404 motions are pending and likely to eliminate the multidistrict character of this litigation.

In short, given the reasonable prospect that the various pending Section 1404 motions will eliminate the multidistrict character of this litigation, the Panel should deny Plaintiffs' MDL Motion.

**B.      Section 1407 Centralization is Not Necessary in Light of the Existing Consolidation Efforts**

The *Soliz* Plaintiffs incorrectly assume that Section 1407 centralization is the only path forward towards resolving the Related Actions without duplicative discovery and a risk of inconsistent pretrial rulings. *See* MDL Motion at 13-16. But the Texas Actions have already been consolidated for pretrial purposes into the Consolidated Action—the exact relief the *Soliz* Plaintiffs seek here (*see* MDL Motion at 12-13)—in the Western District of Texas. *See* Consolidation Order. The *Soliz* Plaintiffs disingenuously refer to the risk of inconsistent rulings across the *ten* total Related Actions. *See* MDL Motion at 16. But they ignore that the six Texas Actions will be managed by a single District Judge and Magistrate Judge under a single docket, greatly reducing the risk of inconsistent rulings. Moreover, the Consolidated Complaint in the Consolidated Action was just filed, and Defendants' deadline to respond is not until May 5, 2026. *See* Consolidated

10

Action, Dkt. 91.[13] Moreover, as noted above, on April 8, 2026, the parties in the Consolidated Action are to submit a status report regarding the status of the MDL Motion, at which time the parties will likely seek—and be granted—a further extension of time for Defendants' response. *Id.* There is not likely to be a pretrial ruling of any kind in the Consolidated Action in the near term— certainly not before the pending *Peterson* Motion and *Carter* OSC are resolved. In addition, the *Soliz* Plaintiffs incorrectly state that the Texas Actions "concern different classes subsumed within the Arizona and California cases." MDL Motion at 5. In fact, as noted above, both the Texas Actions and the Arizona actions seek to represent all individuals residing in the United States whose data was purportedly compromised in the incident, which further supports the utility of the consolidation efforts in Texas.

Moreover, both Oracle and the University of Phoenix oppose Section 1407 transfer to the District of Arizona at this time. This Panel has denied requests for Section 1407 transfer where defendants do not support the creation of an MDL and instead support other methods of coordination, such as Section 1404 transfers or voluntary coordination. *See, e.g., In re Salesforce, Inc., Customer Data Sec. Breach Litig.*, 2025 WL 3649301, at *2 (J.P.M.L. Dec. 16, 2025) (denying Section 1407 motion where Salesforce and customer-defendants opposed centralization); *In re Kronos Customer Data Sec. Breach Litig.*, 619 F. Supp. 3d at 1355 (denying Section 1407 motion where "all responding parties, those who would be most affected by centralization … do not believe that centralization would be beneficial") (quotation marks and citation omitted); *In re Accellion, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 1372, 1373 (J.P.M.L. 2021) (denying Section 1407 motion where most parties opposed centralization and cooperation towards

---

[13] The Consolidated Complaint also names only nine Defendants other than Oracle and the University of Phoenix, rendering the *Soliz* Plaintiffs' fear that these actions "will be swept up into a litigation involving *hundreds* of other defendants" moot. MDL Motion at 20 (emphasis added).

consolidation was already underway); *In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, 273 F. Supp. 3d 1357, 1358 (J.P.M.L. 2017) ("Critically, not a single party to any of the six actions pending outside the District of South Carolina supports centralization."). And, as noted, this Panel has emphasized that "centralization under Section 1407 should be the *last* solution after considered review of all other options." *In re Accellion, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d at 1374 (emphasis added, quotation marks and citation omitted). Other viable options are plainly available here. Therefore, the MDL Motion should be denied.

### C.    The Panel Need Not Consider the Merits of the Pending Transfer Motions

Finally, the MDL Motion seeks to distract from the true inquiry underlying the relief sought. The *Soliz* Plaintiffs rely heavily on the Panel's decision in *In re Salesforce*—in which the Panel denied a Section 1407 motion that sought to consolidate a series of actions involving the theft of data from a Salesforce customer's Salesforce database—to argue that consolidation in the Western District of Texas is not appropriate. *See* MDL Motion at 8-9 (citing *In re Salesforce, Inc., Customer Data Sec. Breach Litig.*, 2025 WL 3649301, at *2).[14]

But whether the Arizona and California Actions should be transferred to the Western District of Texas—and whether the Texas Actions were properly consolidated—is not before this Panel, and the Panel should not consider the merits of those motions. *See In re Gen. Motors LLC Chevrolet Bolt EV Battery Prods. Liab. Litig.*, 532 F. Supp. 3d 1413, 1415 (J.P.M.L. 2021) ("The Panel does not judge the merits of defendant's pending or anticipated motions to transfer under

---

[14] In any event, the *Salesforce* decision is distinguishable from the present circumstances. There, multiple litigation hubs emerged with respect to each Salesforce customer defendant in the defendant's home district. *See In re Salesforce, Inc., Customer Data Sec. Breach Litig.*, 2025 WL 3649301, at *2. Here, each of the actions outside of the Western District of Texas have been transferred to a single court—or a motion to transfer is currently pending. In addition, the Panel based its decision in part on the fact that the movants themselves no longer supported the creation of a Salesforce MDL. *Id.* at *3.

Section 1404."); *In re: Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d at 1379 (similar). The *Soliz* Plaintiffs already had an opportunity to oppose the *Peterson* Plaintiffs' motion to intervene and transfer, which is currently pending before a district court. Similarly, Plaintiffs in *Carter* had the opportunity to respond to the *Carter* OSC and explain why transfer to the Western District of Texas is, in their view, improper at this time. The Panel should not allow the *Soliz* Plaintiffs to preempt rulings on those pending matters by insisting that this Panel order transfer instead.

Indeed, the only issue before the Panel is whether the ten specific Related Actions—each of which seeks to represent overlapping or identical proposed classes—should be centralized in the District of Arizona. And, as noted above, given the ongoing consolidation efforts in the Western District of Texas, the relief the *Soliz* Plaintiffs seek will result in less efficiency, defeating the goal of Section 1407. Therefore, in light of the pending *Peterson* Motion and the *Carter* OSC, the MDL Motion is inappropriate, or at best, premature.

## III.    CONCLUSION

For the reasons set forth above, transfer and consolidation pursuant to Section 1407 is inappropriate, and the Panel should deny the *Soliz* Plaintiffs' motion or, at the very least, await the rulings on the *Peterson* Motion and the *Carter* OSC. Indeed, if the various pending cases are not transferred to the Western District of Texas as expected, Oracle is happy to reconsider whether an MDL would be appropriate.

Dated: March 30, 2026

Respectfully Submitted,

/s/ *John Nadolenco*
John Nadolenco

MAYER BROWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-5173
jnadolenco@mayerbrown.com

Adam Hickey
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3024
ahickey@mayerbrown.com

David Lizmi
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2243
dlizmi@mayerbrown.com

Robert S. Harrell
James B. Danford, Jr.
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
Telephone: (713) 238-3000
rharrell@mayerbrown.com
jdanford@mayerbrown.com

*Counsel for Oracle Corporation*